Appellant.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Motion for extension of time to remove structures granted and time extended to December 1, 1931. The granting of this stay shall not be deemed to permit the operations enjoined. Present — Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ.

GUSSIE WINTER, Respondent, v. ISRAEL A. LEVITT, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Hagarty, Scudder and Tompkins, JJ.

WOOLF INSTRUMENT CORPORATION, Respondent, v. MICHAEL WOOLF and Others, Defendants; HENRY AMSTER, Appellant.— Motion for stay granted. Present — Lazansky, P. J., Young, Hagarty, Scudder and Tompkins, JJ.

JUSTINE BEHRENS and RICHARD BEHRENS, Respondents, v. GOTTLIEB SCHMIDT, Appellant.— Judgment reversed upon the law and the facts and a new trial granted, costs to abide the event, upon the ground that the trial proceeded on the theory of rescission and evidence of fraud was excluded, but the findings indicate that the judgment was predicated on fraud, of which there is no proof in the record. The damages, in so far as a breach of the covenant of quiet enjoyment is concerned, were too vague. Findings of fact and conclusions of law inconsistent herewith are reversed. Lazansky, P. J., Young, Hagarty and Davis, JJ., concur; Carswell, J., votes for reversal and a dismissal of the complaint, with the following memorandum: Assuming that this record presents an action properly brought in equity to cancel negotiable notes and to restrain their negotiation, which notes are the product of an alleged fraud, and in which form of action the damages for the alleged fraud might properly be incidentally assessed, the evidence herein does not sustain any such cause of action. There is no evidence of any fraudulent representation of fact or of any fraudulent suppression of fact. When the dealings were had between the parties and the agreements were made by the parties in July, 1929, Schmidt was under no duty to make known whether or not the taxes upon the real property were or were not unpaid. That he had no fraudulent purpose in failing to make known this fact, which was not made the subject of inquiry, is shown by the payments he made upon his mortgage indebtedness up to February 1, 1930. (*Dambmann* v. *Schulting*, 75 N. Y. 55.) Neither rescission nor breach of covenant of quiet enjoyment is involved herein. Settle order on notice.

THE BIRDSALL COAL COMPANY, Respondent, v. MURCH BROTHERS CONSTRUCTION COMPANY, Appellant, and HILL-WOODWARD CONSTRUCTION COMPANY, Defendant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

JOSEPH BLASENSTEIN, Respondent, v. PROSPECT SUPPLY CO., INC., Appellant. — Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

THE BROOKLYN SAVINGS BANK, Appellant, v. JENNIE KORNFELD and Others, Defendants; MILDRED L. FISCHER, as Committee of GEORGE K. FISCHER, Receiver, an Incompetent Person; WILLIAM F. BURCH and NATIONAL SURETY COMPANY, Respondents.— The decision of this court handed down on June 23, 1931, is